IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH BOERSMA**, | Case No. 3:25-cv-02452-IM |
| Plaintiff, | **ORDER** |
| v. | |
| **SALEM-KEIZER SCHOOL DISTRICT 24J**, **SCOTT GRAGG**, and **LORI LEE**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Joseph Boersma, proceeding solely in his individual capacity, has brought claims against Salem-Keizer School District 24J and various individual defendants for claims arising from alleged disability discrimination against his son. Plaintiff brings claims under the ADA, the Rehabilitation Act, the First Amendment, the Fourteenth Amendment, and Oregon state defamation law. Amended Complaint ("Amended Compl."), ECF 9 at 20–23. Before this Court is Defendants' Motion to Dismiss for Failure to State a Claim ("Motion"), ECF 13. Defendants contend that all of Plaintiff's alleged injuries were suffered by Plaintiff's son, not

PAGE 1 – ORDER

Plaintiff himself. *Id.* at 10. For that reason, Plaintiff fails to state a claim for any of his alleged causes of action. *Id.*

This Court finds that Defendants' arguments are valid, but go to standing, a jurisdictional issue that must precede the merits. Accordingly, for the reasons below, construing Defendants' motion as a "facial" attack on standing under Federal Rule of Civil Procedure 12(b)(1), Defendants' Motion is GRANTED IN PART and DENIED IN PART.[1] Plaintiff's Complaint is DISMISSED without prejudice, but with leave to amend.

### STANDARDS

An Article III court has "an independent obligation" to assure itself of its jurisdiction and may raise a jurisdictional issue *sua sponte*. S*ee Rivas v. Rail Delivery Serv., Inc.*, 423 F.3d 1079, 1082 (9th Cir. 2005). The power to raise a jurisdictional issue includes the power to "construe" a motion, whose content goes to jurisdiction, as a Rule 12(b)(1) motion to dismiss. *See, e.g., Hillcrest Invs., Ltd. v. Robison*, No. 215CV01509GMNVCF, 2016 WL 1610604, at *2 (D. Nev. Apr. 20, 2016) (construing summary judgment motion that addressed ripeness, an issue pertaining to subject matter jurisdiction, as a 12(b)(1) motion to dismiss). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).

One such jurisdictional issue is Article III standing. To establish standing, Plaintiffs must show that they have (1) suffered an "injury-in-fact" that is (2) fairly traceable to the challenged conduct of the defendant and (3) likely to be redressed by a favorable judicial opinion. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). An "injury in fact" requires an "an invasion

---

[1] This Court grants in part and denies in part the motion in the sense that it agrees with Defendants' underlying arguments and finds that the Complaint should be dismissed, but disagrees with the proposition that that dismissal should be with prejudice.

PAGE 2 – ORDER

of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560 (citations omitted). For an injury to be "particularized," "it "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). A "concrete" injury requires more than "particularization." *Id.* at 340. A "concrete" injury must "actually exist," but need "not be tangible." *Id.* Likewise, the requirement of an "actual or imminent" injury implies an important corollary: "speculative" injuries do not satisfy Article III. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024).

Because the elements of Article III standing are "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. At the pleadings stage, the plaintiff "must 'clearly ... allege facts demonstrating' each element." *Spokeo*, 578 U. S. at 338 (citation omitted). "'[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief that is sought.'" *Davis v. Fed. Elec. Comm'n*, 554 U.S. 724, 734 (2008) (internal citation omitted).

"Facial" attacks on standing rely on the Complaint alone. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (internal citation omitted). With "facial" attacks on standing, the District Court applies Rule 12(b)(6)'s familiar framework: "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* "[W]here issues of jurisdiction and substance are intertwined[,]" the court must "assume[] the truth of allegations in a complaint . . . , unless

PAGE 3 – ORDER

controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). That is not to say, of course, that a court must "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* (citation omitted).

Where no claim satisfies the requirements of Article III standing, the Complaint must be dismissed in its entirety without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). In addition, "[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) (citation omitted); *see, e.g., Maya v. Centex Corp.*, 658 F.3d 1060, 1072 (9th Cir. 2011) (dismissing with leave to amend Complaint for failure to allege causation element of Article III standing).

## DISCUSSION

Plaintiff's Complaint must be dismissed for lack of standing because Plaintiff has failed to clearly allege a "concrete and particularized" injury-in-fact. Plaintiff identifies several potential injuries-in-fact. Most of the alleged injuries were suffered by Plaintiff's son, not Plaintiff himself. Other potential injuries are too speculative. The remaining procedural injuries do not implicate procedures designed to protect a concrete interest of Plaintiff, a necessary requirement for a procedural injury-in-fact.

First, Plaintiff points to various disability discrimination-related harms suffered by his son as well as the "creation of false official records" and "reliance on those records." Plaintiff's Response in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss ("Opp."), ECF 14, at 7. These harms are not particularized: Plaintiff did not suffer these harms in a "personal and individual way" as they are not distinct from the harms that his son experienced. *Spokeo*, 578 U.S. at 339. For example, the alleged defamation was against Plaintiff's son, not Plaintiff and the allegedly harmful "official narrative" was about Plaintiff's son, not Plaintiff. Amended Compl.,

PAGE 4 – ORDER

ECF 2 at 6. Because these harms are not individualized injuries, they do not establish Article III standing.

Second, Plaintiff alleges "emotional harm" suffered because of his son's mistreatment. Amended Compl., ECF 9 at 4. The problem with this theory, however, is that standing requires more than an "emotional reaction to harm suffered by another." *Killoran v. Westhampton Beach Sch. Dist.*, No. 24-CV-3696 (GRB) (LGD), 2025 WL 3264632, at *8 (E.D.N.Y. Nov. 20, 2025) (holding that parents' emotional anguish over their child's exclusion from a high school sports team was not adequately particularized). That principle controls here: because Plaintiff's emotional injury is purely derivative of harms suffered by his son, his injury-in-fact is not sufficiently particularized to satisfy Article III.

Third, Plaintiff alleges "reliance on ordinary school athletic participation, including out-of-school training investments and ordinary family expectations tied to school milestones and participation." Amended Compl., ECF 9, at 13. But, such injuries are too speculative. Any expenditures reflect "voluntary expenditures" that Plaintiff "very possibly would have made regardless of whether" his son was subject to discipline in regard to school athletics. *Killoran*, 2025 WL 3264632, at *7–8. Likewise, any future athletics milestones that Plaintiff's son may or may not achieve absent discipline are far too uncertain to make this lawsuit "a case within the meaning of Article III[.]" *Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 110 (2025).

Fourth, Plaintiff points to procedural injuries including the "withholding of evidence" as well as the "denial of meaningful access to challenge governmental action." Opp., ECF 14 at 7. Such procedural injuries do not suffice because "a plaintiff asserting a procedural injury does not have standing absent a showing that the 'procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing.'" *Ashley Creek*

PAGE 5 – ORDER

*Phosphate Co. v. Norton*, 420 F.3d 934, 938 (9th Cir. 2005) (quoting *Lujan,* 504 U.S. at 573 n.

8). In the public education setting, "[t]he procedures required by the Due Process Clause protect

[the minor's] concrete interests in his education and reputation." *K. J. by & through Johnson v.*

*Jackson*, 127 F.4th 1239, 1252 (9th Cir. 2025). Applied here, those concrete interests belong to

Plaintiff's son, not Plaintiff. Because Plaintiff cannot show the relevant procedures are meant to

protect his concrete interests, he lacks a procedural injury-in-fact, and his Complaint must be

dismissed.

The remaining question is whether this Court's dismissal should be with leave to amend.

Here, this Court cannot say clearly that Plaintiff's Complaint "could not be saved by any

amendment." *Krainski,* 616 F.3d at 972 (citation omitted). Accordingly, this Court will grant

Plaintiff leave to amend.

## CONCLUSION

Defendants' Motion to Dismiss, ECF 13, is GRANTED IN PART AND DENIED IN

PART. Plaintiff's Amended Complaint, ECF 9, is DISMISSED without prejudice, but with leave

to amend. Plaintiff may file an amended complaint in accordance with this Order within thirty

(30) days and no later than August 26, 2026.

**IT IS SO ORDERED.**

DATED this 27th day of July, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – ORDER