**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **JOSEPH BOERSMA**,<br><br>Plaintiff,<br><br>v.<br><br>**SALEM-KEIZER SCHOOL DISTRICT 24J**, **SCOTT GRAGG**, and **LORI LEE**,<br><br>Defendants. | Case No. 3:25-cv-02452-IM<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**IMMERGUT, District Judge.**

Plaintiff Joseph Boersma, proceeding solely in his individual capacity, has brought claims against Salem-Keizer School District 24J and various individual defendants for claims arising from alleged disability discrimination against his son. Plaintiff brings claims under Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the First Amendment. Second Amended Complaint ("Second Amended Compl."), ECF 24 at 19–22. This Court previously dismissed Plaintiff's Amended Complaint, ECF 9, under Federal Rule of Civil Procedure 12(b)(1), concluding that Plaintiff lacked Article III standing. Order Dismissing

Complaint ("Order"), ECF 23. Before this Court is Defendants' renewed Motion to Dismiss ("Motion"), ECF 25.

For the reasons described below, this Court concludes that Plaintiff's Second Amended Complaint continues to lack a legally cognizable injury-in-fact for purposes of Article III standing. For that reason, Defendants' Motion is GRANTED. Plaintiff's Complaint is DISMISSED without prejudice.

**STANDARDS**

An Article III court has "an independent obligation" to assure itself of its jurisdiction. *See Rivas v. Rail Delivery Serv., Inc.*, 423 F.3d 1079, 1082 (9th Cir. 2005). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).

One such jurisdictional issue is Article III standing. To establish standing, a Plaintiff must show that they have (1) suffered an "injury-in-fact" that is (2) fairly traceable to the challenged conduct of the defendant and (3) likely to be redressed by a favorable judicial opinion. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). An "injury in fact" requires an "an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560 (citations omitted). For an injury to be "particularized," "it "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). A "concrete" injury requires more than "particularization." *Id.* at 340. A "concrete" injury must "actually exist," but need "not be tangible." *Id.* Likewise, the requirement of an "actual or imminent" injury implies an important corollary: "speculative" injuries do not satisfy Article III. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024).

Because the elements of Article III standing are "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. At the pleadings stage, the plaintiff "must 'clearly ... allege facts demonstrating' each element." *Spokeo*, 578 U. S. at 338 (citation omitted). "'[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief that is sought.'" *Davis v. Fed. Elec. Comm'n*, 554 U.S. 724, 734 (2008) (internal citation omitted).

"Facial" attacks on standing rely on the Complaint alone. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (internal citation omitted). With "facial" attacks on standing, the District Court applies Rule 12(b)(6)'s familiar framework: "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* "[W]here issues of jurisdiction and substance are intertwined[,]" the court must "assume[] the truth of allegations in a complaint . . . , unless controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). That is not to say, of course, that a court must "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* (citation omitted).

Where no claim satisfies the requirements of Article III standing, the Complaint must be dismissed in its entirety "without prejudice to the claims being realleged in a competent court." *Kleidman v. Cal. Ct. of Appeal for Second App. Dist.,* 2022 WL 1153932, at *1 (9th Cir. Apr. 19, 2022); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). In addition,

"[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) (citation omitted); *see, e.g., Maya v. Centex Corp.*, 658 F.3d 1060, 1072 (9th Cir. 2011) (dismissing with leave to amend Complaint for failure to allege causation element of Article III standing).

**DISCUSSION**

Plaintiff's Second Amended Complaint must be dismissed for lack of standing because Plaintiff has failed to allege an injury-in-fact. This Court previously dismissed Plaintiff's Amended Complaint, reasoning that "[m]ost of [Plaintiff's] alleged injuries were suffered by Plaintiff's son, not Plaintiff himself." Order, ECF 23 at 4. Other potential injuries were "too speculative." *Id.* And, the remaining procedural injuries did "not implicate procedures designed to protect a concrete interest of Plaintiff[,]" as opposed to Plaintiff's son. *Id.* To overcome these deficiencies, Plaintiff's Second Amended Complaint explicitly disclaims reliance on any injuries suffered by his son. Second Amended Compl., ECF 24 ¶ 27.

Given Plaintiff's decision not to rely on these injuries, this Court fails to see what injuries Plaintiff has left to rely on. Boersma points to Paragraph 37 of the Second Amended Complaint, but that paragraph relies on injuries that he has either abandoned[1] or that were suffered by his son. Plaintiff alleges that Defendants "used adverse actions involving Plaintiff's child" to punish Plaintiff. Second Amended Compl., ECF 24 ¶ 37. But, that allegation is merely "derivative" of

[1] Specifically, the Second Amended Complaint recognized that this Court "previously concluded that the First Amended Complaint did not clearly allege an injury personal to Plaintiff because many alleged injuries concerned [Plaintiff's son's] education, reputation, discipline, athletics, or Plaintiff's emotional reaction to injuries suffered by [Plaintiff's son]." Second Amended Compl., ECF 24 ¶ 26. In response, the Second Amended Complaint specifies that it "does not rely upon those injuries as the basis of standing[.]" *Id.* ¶ 27.

the injuries suffered by Plaintiff's son and thus not adequately "particularized" to state a legally cognizable injury in fact. *Killoran v. Westhampton Beach Sch. Dist.*, No. 24-CV-3696 (GRB) (LGD), 2025 WL 3264632, at *7–8 (E.D.N.Y. Nov. 20, 2025) (report and recommendation). Plaintiff points to a materially changed "adverse governmental narrative," but that narrative was about his son, not Plaintiff. Second Amended Compl., ECF 24 ¶ 37. Plaintiff alleges that Defendants obstructed his efforts to gain information, but that procedural injury again concerns procedures meant to protect his son. *Id.* Plaintiff's Second Amended Complaint suffers from all the defects that troubled his earlier Complaint. So, this Court must dismiss Plaintiff's Second Amended Complaint for lack of Article III standing.

The remaining question is whether this Court should grant leave to amend. Here, this Court concludes that Plaintiff's Complaint "could not be saved by any amendment." *Krainski,* 616 F.3d at 972 (citation omitted). Plaintiff has had multiple opportunities to file a Complaint that plausibly alleges an injury-in-fact. *See* Complaint, ECF 2; Amended Complaint, ECF 9. Yet, Boersma has not met his burden. This Court does not see why giving Plaintiff another chance will overcome the fundamental problem with his lawsuit—all the alleged injuries were suffered by his son, not him. Accordingly, this Court will deny Plaintiff leave to amend.

**CONCLUSION**

Defendants' Motion to Dismiss, ECF 25, is GRANTED. Plaintiff's Second Amended Complaint, ECF 24, is DISMISSED with prejudice as to the issue of Article III standing, but without prejudice to "the claims being realleged in a competent court." *Kleidman,* 2022 WL 1153932, at *1.

**IT IS SO ORDERED.**

DATED this 23rd day of October, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge